## HYLAND *v.* BLODGETT.

### DRAFT—ORDER FOR CHATTELS.

An order for the payment of a certain sum in lumber, does not legally import an undertaking by the drawer that the payee shall obtain the chattels, nor that the drawer will be answerable to him for their value, on the drawee's refusal to accept or pay the order.

### BILLS OF EXCHANGE.

The law and incidents of a bill of exchange do not attach to such an instrument.

APPEAL from Benton.    The facts are stated in the opinion.

*Chenoweth & Johnson*, for appellant

Defendant moved for a non-suit in the circuit court, claiming for the first time want of notice.  This motion should not have been allowed under the pleadings, because it was inconsistent with the plea of payment.  Respondent should be held to his plea of payment, because it is the only defense pleaded. (Van Sandford's Pleadings, 561 and 596; Bliss on Pleadings, secs. 343 and 344.    Edwards on Bills and Notes, pages 134, 210, 649;  Code, page 120.)

Respondent, after being told that McCullough had not accepted or paid the order, promised to pay it.  This promise is evidence that he had been duly notified of the non-acceptance and non-payment.    (Edwards on Bills, 650, 653, 645;  14 Mo., 48;  23 Wend., 378.)

*J. W. Rayburn*, for respondent.

Admitting that the rules governing the presentment, and notice of non-acceptance and non-payment of bills of exchange, are applicable to a case like this, the motion for a non-suit was properly granted.    (Parsons on Contracts, page 277; *Johnson v. Arrigoni*, 5 Or., 485.)

This is not a bill of exchange.    It does not come within any of the provisions of the law merchant, and none of its doctrines can be applied to it.    (*Coyle's Executors v. Satterwhite's Administrators*, 4 Monroe, 121;  *May v. Lansdown*, 6 J. J. Marshall, 165.)

By the Court, LORD, C. J.:

This was an action brought in a justice's court upon the following order:

"Mr. McCullough, please pay to B. F. Hyland, or bearer, ninety dollars in lumber.                         "WM. BLODGETT."

The complaint alleges the presentment and demand of payment, in lumber, of the said McCullough, his refusal to accept or pay it, and notice to the respondent of non-acceptance, &c. To this followed the answer and reply, and a judgment of non-suit; but, which, owing to the view we take of the case, it is unnecessary to further particularize.

The instrument of writing, set out above, is an order payable in lumber, and not a bill of exchange, and the appellant, by making the demand and giving the notice which would charge the drawer of a bill of exchange, does not thereby entitle himself to maintain an action on this order.

In *Sears* v. *Lawrence,* 15 Gray, 269, this identical point was decided. The action was brought on an order " to pay to the order of Willard Sears three thousand four hundred and seventy-nine dollars and seventy-three cents, in good merchantable lumber," &c., and Metcalf, J., in delivering the opinion of the court, says: "An order for the payment of a certain sum in chattels does not legally import an undertaking by the drawer that the payee shall obtain the chattels, nor that the drawer will be answerable to him for the value of them, on the drawee's refusal to accept, or pay the order. The law and incidents of a bill of exchange do not attach to such an instrument. The principle is that such orders for commodities do not come within the provisions of the law merchant, and none of its doctrines can be applied to it." In *Coyle's Executors* v. *Satterwhite's Administrator,* 4 Monroe, 124, it is held that "all drafts or orders drawn for other commodities, operate only as an authority to receive the contents, and the holder of them is not bound to apply either the speed or the formalities required in conduct

ing a bill of exchange," and that when suit is instituted it must be based on the original cause of action. Upon this point, however, we express no opinion, as that question would depend upon matter not now before the court. The judgment of the court below is affirmed.

Judgment affirmed.